IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 4, 2025

## STATE OF TENNESSEE v. TERRELL SHANNON

**Appeal from the Criminal Court for Shelby County**
No. 17-01789     Lee V. Coffee, Judge

_____

### No. W2024-00174-CCA-R3-CD

_____

Defendant, Terrell Shannon, was convicted by a Shelby County jury of rape of a child and aggravated assault. The trial court imposed an effective sentence of forty-six years. Defendant appeals, arguing that the evidence was insufficient to support his conviction for rape of a child and that his convictions violate double jeopardy protections. Upon our review, we conclude that Defendant has failed to prepare a sufficient brief in compliance with Tennessee Rule of Appellate Procedure 27(a)(7) and Tennessee Court of Criminal Appeals Rule 10(b). Accordingly, his issues are waived, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

Gerald S. Green (on appeal) and John Dolan (at trial), Memphis, Tennessee, for the appellant, Terrell Shannon.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Eric Christensen and Dru Carpenter, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

On October 31, 2016, eleven-year-old A.R.[1] told her mother that she had been raped while walking from the family's apartment to pick up her younger sister from school.

---

[1] Because it is the policy of this court to protect the identity of minor victims, we will identify them by their initials.

A.R.'s mother testified that A.R. told her that A.R. "was walking over the catwalk, and she said some guy, some short, dark-skinned guy, lower haircut with a white T-shirt had put a knife to her throat and said if she tells someone he was going to kill her." A.R.'s mother called the police and provided responding officers with a description of the man and A.R.'s path of travel from the apartment to the catwalk. Ultimately, Defendant was identified as a suspect.

MPD Officer Jonathan Douglas[2] responded to A.R.'s apartment and obtained a description of Defendant but was unable to locate him. Officer Douglas noticed a Real Time Crime Center ("RTCC") camera near an entrance to the catwalk. He described the catwalk as "a very large concrete structure . . . to go over the railroad tracks." Photographs and a video entered into evidence showed that the catwalk was enclosed on the sides and top with a fence and had stairs and a ramp on each side of the railroad tracks. MPD Sergeant Malvin Jones[3] with MPD's child sex crimes division located surveillance videos from two businesses along A.R.'s path from her apartment to the catwalk. All three surveillance videos were played for the jury. Sergeant Jones identified A.R. and Defendant in each of the videos.

One video showed A.R. walking along the side of the business followed by a man wearing a white shirt and jeans and walking with a limp. The video from the RTCC camera showed A.R. walking across a parking lot toward the RTCC camera. The man continued to follow A.R. and jogged to catch up with A.R. as she waited to cross the road. A.R. and the man then crossed the road toward the catwalk. Another video showed that approximately fifteen minutes later, A.R. ran from the catwalk back toward her apartment. Approximately two minutes later, the man walked away from the catwalk.

A.R. identified herself and Defendant in each of the videos and testified that after she and Defendant were no longer visible on the RTCC footage, she entered the stairwell to the catwalk. Defendant followed her a short time later. As they crossed the catwalk, Defendant asked A.R. how old she was and if she had a boyfriend. A.R. told him that she was eleven years old. Defendant then grabbed her arm and tried to kiss her, but A.R. moved away. As A.R. began to walk down the stairs on the opposite side of the catwalk, Defendant "jumped" in front of her, slapped her on her face, and pushed her down. Defendant told her to pull her pants down, and when she refused, Defendant pulled A.R.'s pants down before pulling his pants down. Defendant obtained a small pocketknife from his pants and said, "I'll kill you if you say anything. Don't scream." Defendant then placed

---

[2] Jonathan Douglas was an MPD sergeant at the time of trial. We will use his title at the time of the offense.

[3] Malvin Jones was an MPD Lieutenant at the time of trial. We will use his title at the time of the offense.

the knife on the ground beside A.R. Defendant rubbed his penis on A.R.'s lips and laughed. Defendant then inserted his penis into A.R.'s vagina. A.R. struggled to get away; she was "scared" and stated that it hurt when Defendant penetrated her vagina with his penis. When Defendant finished, he said "B word get up and put your pants on, and he walked back the way he came in." A.R. estimated that the attack lasted approximately fifteen minutes. She identified Defendant in court as her attacker. A.R. then ran from the catwalk to her apartment and called her mother. Three days after the rape, A.R. identified Defendant in a photographic lineup; she identified Defendant in court as the same man. She stated that she had never seen Defendant before October 31, 2016.

Phyllis Crump, a nurse practitioner, testified as an expert in sexual assault examinations. She performed A.R.'s examination approximately four hours after the rape. Ms. Crump's report from A.R.'s exam was exhibited to her testimony. The report included A.R.'s statement of the attack, which was substantially similar to A.R.'s testimony. The report noted that A.R. had a "fossa navicularis laceration with active bleeding" which was "the entry to the vagina cavity." Ms. Crump stated that this injury was consistent with A.R.'s account of the attack. Ms. Crump also noted a "thick, white discharge" coming from A.R.'s vagina. Ms. Crump collected vulvar, vaginal, and anal swabs, and A.R.'s underwear during the examination.

Tennessee Bureau of Investigation Special Agent Laura Boos, an expert in DNA analysis, received A.R.'s sexual assault kit. The vulvar, vaginal, and anal swabs tested negative for semen, but A.R.'s underwear tested positive for semen. Agent Boos created a DNA profile from the semen found on A.R.'s underwear and loaded the profile into "CODIS," a DNA database. In June 2017, a "CODIS hit" indicated that Defendant's DNA matched the profile obtained from A.R.'s underwear. Agent Boos received and analyzed Defendant's buccal swabs taken by Shelby County District Attorney's Office Investigator Aaron Kant. Defendant's DNA profile from the buccal swabs matched the DNA in A.R.'s underwear.

Teresa Onry, a forensic interviewer at CAC, testified that she conducted a forensic interview with A.R. three days after the rape. A video of the forensic interview was admitted into evidence and played for the jury. A.R's forensic interview was consistent with her trial testimony.

Defendant elected not to testify and did not present proof. Based on the foregoing evidence, the jury convicted Defendant as charged of rape of a child and aggravated assault. After a sentencing hearing, the trial court imposed consecutive sentences of forty years at 100% for rape of a child and six years at thirty percent for aggravated assault, for an effective forty-six-year sentence. Defendant filed a timely motion for new trial, which was

denied via written order on January 25, 2024. Defendant's timely appeal is now before this court.

## Analysis

Defendant argues that the evidence was insufficient to support his conviction for rape of a child because there was insufficient evidence of penetration. He further argues that because both convictions were based on the same incident, the convictions violate double jeopardy principles. The State asserts that Defendant has waived his arguments due to inadequate briefing. We agree with the State.

Tennessee Rule of Appellate Procedure 27(a)(7)(A) requires an appellant to present an argument that includes "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record[.]" Further, the rules of this court mandate that issues raised by an appellant that "are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived." Tenn. Ct. Crim. App. R. 10(b).

When a defendant fails to prepare a sufficient brief in compliance with the Rules of Appellate Procedure, the issue is waived. *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *City of Memphis v. Edwards by & through Edwards*, No. W2022-00087-SC-R11-CV, - - S.W.3d - -, 2023 WL 4414598, at *2 (Tenn. 2023); *see Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011); *Bledsoe v. State*, No. W2023-00361-CCA-R3-PC, 2024 WL 127028, at *5 (Tenn. Crim. App. Dec. 19, 2023), *no perm. app. filed*; *State v. Cunningham*, No. M2023-00909-CCA-R3-CD, 2024 WL 3634259, at *2 (Tenn. Crim. App. Aug. 2, 2024), *no perm. app. filed*.

Here, Defendant's "Statement of Facts" reads in its entirety that "[t]he findings of fact made by the trial Judge are set out at Record, Vol. 6, page 18, line 23 – page 28, line 8." This is one of only two citations to the record in Defendant's brief. While Defendant cites law in his brief related to the standard of review for sufficiency of the evidence challenges, the due process clause, and double jeopardy, he fails to make any arguments as to how the cited law applies to the facts of his case. Regarding his sufficiency of the evidence challenge, Defendant fails to cite Tennessee Code Annotated section 39-13-522, the statute under which he was convicted for rape of a child, or any authority to support his broad assertion that A.R.'s testimony "alone does not meet the standard of proof beyond a reasonable doubt required for a conviction of Child Rape." Further, in asserting that his convictions violate double jeopardy, Defendant fails to cite either the statutes or elements for rape of a child and aggravated assault, and he provides no argument regarding whether the same act violated both statutes or how the elements of the offenses are the same. *See*

*State v. Watkins*, 362 S.W.3d 530, 556 (Tenn. 2012) (outlining Tennessee's double jeopardy analysis).

After the State filed its responsive brief requesting dismissal of the appeal due to deficient briefing, Defendant sought and was granted an extension to file a reply brief. Defendant lodged a reply brief but because it was filed after the extension and no further extension was sought, his reply brief was not filed.

Because Defendant has failed to comply with the Tennessee Rule of Appellate Procedure 27(a)(7) and Tennessee Court of Criminal Appeals Rule 10(b), he has waived his issues, and we do not reach the merits of his claims.

## CONCLUSION

For the foregoing reasons, we dismiss Defendant's appeal.


s/ *Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE